```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


DARNELL FOREST,                     )
                                    )
          Plaintiff,                )
                                    )
     vs.                            )    No. 4:07CV258-DJS
                                    )
BARNES JEWISH HOSPITAL and          )
PATRICK BARNES,                     )
                                    )
          Defendants.               )
```

## ORDER

In his pro se complaint, plaintiff asserts claims of discrimination and retaliation against his employer, defendant Barnes Jewish Hospital, and his manager, defendant Patrick Barnes, under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Defendant Barnes has filed a motion to dismiss arguing that plaintiff fails to state a claim against him in that individual liability is not available under Title VII or the ADEA.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted if it appears beyond doubt that a plaintiff can prove no set of facts that would entitle him to relief. Schmedding v. Tnemec Co., Inc., 187 F.3d 862, 864 (8th Cir. 1999). The Court has construed plaintiff's pro se complaint and filings liberally.

Plaintiff's responses to the instant motion raise a variety of arguments, some of which are far afield. To the extent

plaintiff argues the existence of an equal protection claim pursuant to the Fourteenth Amendment, the Court is not persuaded that dismissal is precluded on such a ground. Even if plaintiff had asserted such a claim in his complaint, which he did not, the claim would fail as defendant Barnes is not a state actor and thus his actions are not subject to equal protection scrutiny. Plaintiff's remaining arguments do little more than address the aforementioned standards the Court applies when considering a Rule 12(b)(6) motion to dismiss.

Individual defendant Barnes argues that he is not an "employer" of plaintiff subject to suit under Title VII and the ADEA. The Eighth Circuit has "squarely held that supervisors may not be held individually liable under Title VII." Bonomolo-Hagen v. Clay Central-Everly Community School District, 121 F.3d 446 (8th Cir. 1997), citing Spencer v. Ripley County State Bank, 123 F.3d 690, 691 (8th Cir. 1997). The same conclusion is applicable to the ADEA, which in this respect is analogous to Title VII. See, e.g., Lenhardt v. Basic Institute of Technology, Inc., 55 F.3d 377, 380 (8th Cir. 1995); Mason v. Stallings, 82 F.3d 1007, 1009-10 (11th Cir. 1996); Taylor v. Wright, Case No. 4:05CV798-JCH, 2005 WL 2033422, at *3 (E.D. Mo. August 23, 2005). Plaintiff never alleges that defendant Patrick Barnes is his employer. Thus, as there is no individual supervisory liability under Title VII and the ADEA, and plaintiff can prove no set of facts which would entitle him to

relief on his claims against individual defendant Barnes, those claims will be dismissed.

Plaintiff has also filed a motion concerning appointment of pro bono neutral [Doc. #17] seeking leave to proceed with the alternative dispute resolution process without payment of neutral fees or costs. The Court has not referred and will not refer this case to alternative dispute resolution at this time. Consequently, the Court will deny plaintiff's motion without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Patrick Barnes' motion to dismiss [Doc. #9] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion concerning appointment of pro bono neutral [Doc. #17] is denied without prejudice.

**IT IS FURTHER ORDERED** that, no later than **June 4, 2007**, the parties shall file any necessary motions and/or memoranda concerning the claim-preclusion effect plaintiff's prior case, <u>Forest v. Barnes-Jewish Hospital</u>, 4:04CV686-DJS, has on the instant matter.


Dated this   18th   day of May, 2007.


/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE