```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION

DARNELL FOREST,                    )
                                   )
          Plaintiff,               )
                                   )
     vs.                           )    No. 4:07CV258-DJS
                                   )
BARNES JEWISH HOSPITAL, et al.,    )
                                   )
          Defendants.              )
```

### ORDER

Among the matters now before the Court in this case are (1) plaintiff's two motions to issue subpoenas [Docs. #62, 63]; (2) plaintiff's two motions to compel discovery [Docs. #67, 91]; and (3) plaintiff's motion for a hearing [Doc. #94]. These matters have been briefed and are ready for disposition.

**Motions to Issue Subpoenas**

Plaintiff has filed two motions to issue subpoenas. The first requests a subpoena to be served on defendant Mary Arnold, and the second requests a subpoena to be served on defendant Patrick Barnes. Plaintiff states the reason for both subpoenas is to get documents he believes will prove that defendants have a long-standing record of discrimination. He seeks production of all documents containing or reflecting claims of discrimination in any form, internal and external, of Barnes Jewish Hospital clinical laboratories and the Hematology Lab Department over the last ten years. Plaintiff seeks both subpoenas under Rule 45 of the Federal Rules of Civil Procedure.

Defendants object to the issuance of the subpoenas. Defendants state that, since the persons on whom the subpoenas are to be served are parties, plaintiff should seek relief under Rule 34, not Rule 45. Defendants state that plaintiff is attempting to use Rule 45 to skirt the ordinary discovery procedures available to the parties, and that the Court should deny plaintiff's motions and quash the subpoenas.

Plaintiff seeks documents from party defendants. The usual method to acquire documents from a party defendant, to the extent such documents exist, is to serve a request for production of documents on the party defendant pursuant to Rule 34. If that defendant fails to respond or objects to the document production, and the plaintiff thinks that the defendant's failure to respond or objection is improper, then the plaintiff can file a motion to compel discovery pursuant to Rule 37. See Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1341 (8th Cir. 1975) ("If...a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond...the discovering party may move for an order compelling an answer...or an order compelling inspection in accordance with the request...."); Trammell v. Anderson Coll., 2006 WL 1997425, at *2 (D.S.C. July 17, 2006) ("Since [movant] is a party to this case, the items sought by the defendants should have been requested under the provisions of Rule 34 and not by subpoena

2

under Rule 45."). The Court will accordingly deny plaintiff's motions to issue subpoenas.

**Motions to Compel**

Plaintiff has filed two motions to compel. Because both motions fail to comply with previous orders of the Court, both motions will be denied. See <u>Am. Inmate Paralegal Ass'n v. Cline</u>, 859 F.2d 59, 61 (8th Cir. 1988) (stating that pro se litigants are not excused from complying with court orders or substantive and procedural law).

First, both of plaintiff's motions are untimely. On December 3, 2007, the Court ordered that all discovery in the case be completed no later than January 31, 2008. <u>See</u> Doc. #47. This order did not change the case management order's mandate that motions to compel shall be filed no more than eleven days following the discovery deadline. Doc. #37, p. 2. Accordingly, plaintiff's motions to compel were due on or before February 11, 2008. Plaintiff's motion to compel at Doc. #67 was filed on February 19, 2008, and plaintiff's motion to compel at Doc. #91 was filed on March 13, 2008. The case management order states that all applicable deadlines "will be modified only upon a showing of exceptional circumstances." Doc. #37, p. 1. Plaintiff has not made a showing of exceptional circumstances, and therefore his motions to compel will be denied as untimely.

Second, plaintiff has not complied with the Court's order of January 9, 2008, in which the Court stated that:

> Any...motions to compel...must be particularly stated. That is, <u>for each request plaintiff wants compelled</u>, he must specifically indicate the request, provide defendants' response, and precisely demonstrate why defendants' response is deficient.

Doc. #56, p. 2 (emphasis added). A plaintiff's motion to compel a discovery request must be particularly stated so that the defendant can make a meaningful response to that request, and so that the Court's time is not unnecessarily consumed speculating as to what ground supports each request.

In this case, plaintiff has again made only general assertions that all of the information plaintiff is seeking is relevant, and that defendants have failed to properly respond to plaintiff's requests. Plaintiff's motions are therefore insufficient to satisfy the Court's order, and will be denied.

**IT IS HEREBY ORDERED** that plaintiff's motions to issue subpoenas [Docs. #62, 63] are denied.

**IT IS FURTHER ORDERED** that plaintiff's motions to compel discovery [Docs. #67, 91] are denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for a hearing [Doc. #94] is denied.

Dated this <u>  7th  </u> day of April, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE